IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MARY ANN BAUER**, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case Number 3:18-cv-1293 |
| | ) | |
| v. | ) | Judge Richardson |
| | ) | |
| **MICHAEL S. FITZHUGH**, | ) | Magistrate Judge Holmes |
| **BERNARD SALANDY**, and | ) | |
| **RUTHERFORD COUNTY, TENNESSEE**, | ) | **JURY DEMAND** |
| | ) | |
| *Defendants*. | ) | |

## C A S E   M A N A G E M E N T   O R D E R

A. JURISDICTION: The plaintiff alleges that court has jurisdiction pursuant to 42 U.S.C. §1983 (Count I), 28 U.S.C. §1331 (Count I), 28 U.S.C. § 1343(a)(3) (Count I), and 28 U.S.C.§1367(a) (Count II).

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiff: The plaintiff's psychologically fragile son, Joseph Allen Bauer, was incarcerated in the Rutherford County, Tennessee, jail on November 15, 2017, as a pretrial detainee on a misdemeanor shoplifting charge. Upon his intake into the jail, Mr. Bauer indicated that he had suicidal tendencies. In keeping with the defendant Sheriff's policy of permitting inadequately trained medical personnel to make suicide-risk decisions, Mr. Bauer was given a cursory evaluation by an inadequately trained employee of the defendant Rudd Medical Services, P.L.C., who failed to recommend appropriate suicide-prevention procedures. This was in violation of Mr. Bauer's constitutional right to adequate medical treatment and constitutes grossly inadequate medical care, all of which amounted to deliberate indifference by the defendants to

the deceased's constitutional due-process rights.

As a consequence, Mr. Bauer hanged himself and died. The plaintiff brings this action as his next-of-kin. The pendent state claim alleges negligence under Tennessee's Governmental Tort Liability Act ("TGTLA") resulting in the death of Mr. Bauer.

For Defendant: The Decedent, Joseph Allen Bauer, received the appropriate medical screening. There was no basis to believe there was a substantial risk that the Decedent would attempt suicide. The Defendants did not act with deliberate indifference for the Decedent's health and safety, rather Defendants' care of the Decedent complied with the Constitution and the applicable standard of care.

Additionally, the Decedent's death was not the result of a custom or policy, nor was it caused by a failure to train employees.

C. ISSUES RESOLVED: None.

D. ISSUES STILL IN DISPUTE: Jurisdiction, venue, liability and damages. Specifically, the entire spectrum of liability issues are in dispute, including liability for constitutional violations as well as the TGTLA claim. Although the Decedent's death is not in dispute, the measure of damages for same, if any, is in dispute.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **March 22, 2019**.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties must

make a minimum of two independent, substantive attempts to resolve the case. By no later than **May 31, 2019**, the parties shall conduct an in-person meeting to discuss settlement. A representative of each defendant with full settlement authority shall participate in the settlement conference, and may participate telephonically, but must still participate for the entire duration of the settlement conference. (Counsel for the parties shall meet in person, even if representatives of the defendants participate telephonically.) The parties must have conducted sufficient discovery by that date to initially evaluate the merits of the case and the prospect for settlement. By no later than **June 14, 2019**, the parties shall submit a joint case resolution status report confirming that the parties made a first good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of this case.

By no later than **November 1, 2019**, the parties shall conduct a second in-person meeting to attempt to settle this case before the deadline for filing dispositive motions. A representative of each defendant with full settlement authority shall attend the settlement conference. All parties are required to attend the second settlement conference in person. An updated joint status report shall be filed no later than **November 22, 2019**, and shall either confirm the parties' second good faith attempt at case resolution or update the Court on the status of the intended second attempt.

In lieu of one or both of these described case resolution attempts, or in addition, the parties may request a judicial settlement conference as provided for herein, or may mediate by agreement without further order, provided the scheduling of any such mediation does not require the extension of any case management deadline and the mediation is concluded prior to the deadline for filing dispositive motions. Any request of the parties for a judicial settlement conference must be made by no later than **September 13, 2019**, and must also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement

conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

The parties' compliance with this case resolution plan is not optional.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **October 29, 2019**. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than **April 29, 2019**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference.

It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than **October 29, 2019**. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)

–4–
Case 3:18-cv-01293   Document 14   Filed 02/18/19   Page 4 of 8 PageID #: 34

(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than **June 10, 2019** and must comply with Local Rules 7.01 and 15.01.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **November 19, 2019**. The defendant shall identify and disclose all expert witnesses and reports on or before **December 19, 2019**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **February 19, 2020**.

J. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held telephonically on **July _____, 2019**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. Plaintiff's counsel shall initiate the call.

K. DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **April 1, 2020**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

L. ELECTRONIC DISCOVERY. If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order No.174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

M. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification

must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The jury trial of this action is expected to last approximately four days.[1] A trial date no earlier than **September 15, 2020** is respectfully requested.

It is so ORDERED.

_____
**BARBARA D. HOLMES**
United States Magistrate Judge

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed only if all parties consent to final disposition by the Magistrate Judge.

Respectfully submitted,

| **MacPherson & Youmans** | **Hudson, Reed & McCreary, PLLC** |
|---|---|
| by    s/ Robert D. MacPherson | by    s/ E. Evan Cope |
| Robert D. MacPherson, BPR #022516 | Josh A. McCreary, BPR #019498 |
| MacPherson & Youmans | E. Evan Cope, BPR #021436 |
| 119 Public Square | Hudson, Reed & McCreary, PLLC |
| Lebanon, Tennessee 37087 | 16 Public Square North |
| Telephone: (615) 444-2300 | Post Office Box 884 |
| email: *rdmacpherson@macyolaw.com* | Murfreesboro, Tennessee 37133 |
| Attorney for the plaintiff | Telephone: (615) 893-5522 |
| | email: *jmccreary@mborolaw.com* |
| |       *ecope@mborolaw.com* |
| | Attorneys for the defendants |

## CERTIFICATE OF SERVICE

    I hereby certify that, on the 18th day of February, 2019, service of a copy hereof was made upon Filing Users through the Electronic Filing System. The specific persons upon whom service is made are **Josh A. McCreary** and **E. Evan Cope**, Hudson, Reed & McCreary, PLLC, 16 Public Square North, Post Office Box 884, Murfreesboro, Tennessee 37133, attorneys for the defendants.

                                                  by    s/ Robert D. MacPherson
                                                  Robert D. MacPherson

,