## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| MARY ANN BAUER, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case no. 3:18-CV-01293 |
| ) | |
| MICHAEL S. FITZHUGH, ) | Judge Eli J. Richardson |
| BERNARD SALANDY, and ) | |
| RUTHERFORD COUNTY, TENNESSEE ) | Barbara D. Holmes, Magistrate Judge |
| ) | |
|    Defendants. ) | Jury Demand |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

Come now your Defendants and respectfully submit this memorandum of law in support of their motion to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.      PRELIMINARY STATEMENT

The Plaintiff's Complaint (hereinafter, the "Complaint") alleges claims under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment and the Fourteenth Amendment. The alleged violations surround a suicide that occurred in the Rutherford County jail. The Plaintiff has asserted claims against Sheriff Michael S. Fitzhugh in his official capacity, against Bernard Salandy in his individual capacity, and Rutherford County as a political subdivision of the state of Tennessee.

The Complaint should be dismissed. Plaintiff fails to meet the Constitutionally minimum requirements for standing. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992).

Second, the Plaintiff has failed to plead sufficient factual allegations to survive a motion to dismiss. Third, the Plaintiff has not sufficiently pled claims against Bernard Salandy in his individual capacity. Fourth, the Plaintiff has not sufficiently plead claims against Sheriff Fitzhugh, in his official capacity, and Rutherford County. The claims against Sheriff Fitzhugh in his official capacity and Rutherford County fail under the standards contained in *Monell v. Dept. of Soc. Servs. of New York City* because the Complaint contains no allegations of a municipal policy or custom that caused the injury or that were the moving force behind any alleged constitutional deprivation. *See Monell v. Dept. of Soc. Servs. of New York City*, 436 U.S. 658, 690 (1978). Fifth, the Plaintiff has failed to plead sufficient factual allegations that the Defendants were deliberately indifferent to the alleged mental state of the deceased. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Sixth, the Plaintiff has failed to sufficiently plead her pendent state law claim for negligence under the Tennessee Government Tort Liability Act.

## II.    FACTUAL ALLEGATIONS

Plaintiff brings her Complaint as next-of-kin of her son, Joseph Allen Bauer, who died while in the custody of the Rutherford County Sheriff's Office ("RCSO"). She has sued Bernard Salandy in his individual capacity, Sheriff Michael Fitzugh in his official capacity only, and Rutherford County, Tennessee. Plaintiff alleges she is entitled to recover damages for the death of her son because of (1) an alleged practice, policy, and custom of setting excessive bail; (2) an alleged disclosure of facts and exhibition of traits and circumstances indicative of a significant risk of suicide; (3) an alleged practice, policy, and custom of employing personnel without adequate medical training; and (4) an

alleged action for state law negligence pursuant to the Tennessee Government Tort Liability Act (hereinafter, the "TGTLA").

## III.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005).    This Court is to "construe the complaint in the light most favorable to the plaintiff[] [and] accept all well-pleaded *factual* allegations as true." *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (emphasis added). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951 (6th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible when a plaintiff 'pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Enclarity*, 907 F.3d at 950-51 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (emphasis added). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## IV.   ARGUMENT

### A.   Plaintiff fails to meet the Constitutionally minimum requirements for standing, and the Plaintiffs claims must be Dismissed.

Plaintiff does not have standing to bring suit on either the federal or state law claims. This is a threshold issue. Since Plaintiff lacks standing, she cannot maintain any of the claims. The U.S. Supreme Court requires the presence of the following three

elements in order for a plaintiff to bring a claim for a constitutional violation. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992). First, "the plaintiff must have suffered an 'injury in fact.'" *Id.* Second, "there must be a causal connection between the injury and the conduct complained of — the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Id.* (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Finally, "it must be 'likely' . . . that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon*, 426 U.S. at 38, 43).

The first prong requires that "the plaintiff must have suffered an 'injury in fact.'" *Lujan*, 504 U.S. at 560. In the case at bar, the Plaintiff brings suit individually and as next-of-kin of the deceased. See Complaint ⁋1. The Plaintiff brings this suit pursuant to Section 1983 which "creates a cause of action for deprivation of civil rights." *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984). "By its own terminology, the statute grants the cause of action "to the party injured." *Id.* Therefore, the cause of action is "personal to the injured party." *Id.* The U.S. Supreme Court has "mandated that [the] determination of the applicable survivorship rule for actions arising pursuant to 42 U.S.C. § 1983, [is] governed by 42 U.S.C. § 1988." *Id.* (citing *Robertson v. Wegmann*, 436 U.S. 584 (1978)). Pursuant to Section 1988, this Court is to look at the applicable state laws on survivorship of actions so long as they are not in conflict with the Constitution. *Robertson*, 436 U.S. at 539. Tennessee's survivorship statute provides that "[a]ctions do not abate by the death or disability of either party. . ." Tenn. Code Ann. § 20-5-101. While generally there is a distinction between wrongful death and survivorship actions, *Jaco*, 739 F.2d at 242.,

Tennessee has developed a hybrid between survival and wrongful death statutes "resulting in a statutory scheme with a 'split personality.'" *Beard v. Branson*, 528 S.W.3d 487, 497 (Tenn. 2017) (quoting *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 598 (Tenn. 1999)). "In sum, the statutes provide that the right of action that the defendant would have had, but for death, is not extinguished but instead passes to the surviving spouse, or, if there is no spouse, to the decedent's children or next of kin." *Beard*, 528 S.W.3d at 498.

Whether the Plaintiff has standing to bring this action as her son's alleged next-of-kin for alleged violations of Section 1983 is determined by Tenn. Code Ann. § 20-5-106, which in relevant part states:

> The right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; to the person's natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered or abandoned by them pursuant to any court order removing such person from the custody of such parents or parent; or otherwise to the person's legally adoptive parents or parent, or to the administrator for the use and benefit of the adoptive parents or parent; the funds recovered in either case to be free from the claims of creditors. Tenn. Code Ann. § 20-5-106(a)

Plaintiff does not set forth facts which, if true, prove that she is next-of-kin entitling her to bring this action. Rather, she simply makes a conclusory allegation that she is next-of-kin.

Moreover, in the first paragraph of her Complaint, the Plaintiff asserts that she brings this action both individually and as the next-of-kin of Joseph Allen Bauer, but she makes no distinction between those two roles in the balance of the Complaint. In her prayer for relief she demands judgment for compensatory damages in the amount of $10,000,000, but she does not set forth what damages she claims in connection with the Section 1983 claims versus the state law wrongful death claim. Because Plaintiff has failed to make factual allegations which, if true, would entitle her to standing to bring this action on behalf of Joseph Allen Bauer, her Complaint should be dismissed.

The second prong requires a causal connection between the injury and the alleged constitutional violation. *Lujan*, 504 U.S. at 555. Plaintiff alleges that bail was not excessive, the deceased would have been released and would not have committed suicide.[1] Again, this is a conclusory allegation. Plaintiff does not allege any facts which, if true, would support her claim that the deceased committed suicide because his bail was not a lower dollar amount. However, even if she did, the Plaintiff expects this Court to make the *ipso facto* jump that because the deceased committed suicide, the allegedly excessive bail was a cause. Any alleged Eighth Amendment violation for excessive bail is not causally connected to the alleged injury.[2]

**B.     The Plaintiff has failed to plead sufficient factual allegations to survive a motion to dismiss and her claims should be Dismissed.**

---

[1] Plaintiff does not allege any facts which, if true, would prove that the bail in questions was "excessive". Again, she simply makes conclusory allegations.

[2] The Plaintiff's claims under the Fourteenth Amendment are more fully discussed in Section E. Such claims should be dismissed for a failure to adequately plead a deliberate indifference on the part of the Defendants.

As stated above, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Additionally, "plaintiffs must allege facts, not conclusions, to state entitlement to relief." *Guertin v. State*, 912 F.3d 907, 949 (6th Cir. 2019) (citing *Twombly*, 550 U.S. at 555). In fact, the Sixth Circuit has made it clear that "'a legal conclusion couched as a factual allegation' need not be accepted as true." *Nwanguma v. Trump*, 903 F.3d 604, 607 (6th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555). Here, the Plaintiff would only be entitled to relief if the Plaintiff had plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff must plead sufficient factual content, and that "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When one peruses the Complaint for actual factual allegations, one would only find the following: Plaintiff alleges that the deceased was arrested. See Complaint ⁋ 14. Second, the Plaintiff alleges that bail was established. See Complaint ⁋ 16. Third, the Plaintiff alleges that the deceased made some statement to an unidentified correctional officer regarding past suicidal tendencies. See Complaint ⁋ 18. Finally, the Plaintiff alleges that Lisa Speck, an employee of Rudd Medical Services, P.L.C., performed a cursory evaluation of the deceased. See Complaint ⁋ 20. None of these factual allegations give rise to the alleged causes of action asserted by Plaintiff. The remaining portions of the Complaint are either conclusory allegations or formulaic recitations of the elements

of a cause of action, neither of which are enough to allow Plaintiff's Complaint to survive a motion to dismiss.

Turning to the primary conclusory allegations: the Plaintiff's complaint is based upon claims that "bail for the deceased was arbitrarily established at $2,500 in violation of the deceased's right under the Eighth Amendment" See Complaint ⁋ 16; that that Defendants failed "to provide adequately trained personnel to assess the risk of inmate suicides" See Complaint ⁋ 23; and that the deceased "was improperly monitored by the defendants. . ." See Complaint. Plaintiff does not set forth factual allegations which, if true, would support any of these conclusory allegations.[3]

## C.     The Plaintiff's claims against Bernard Salandy in his Individual Capacity must be Dismissed.

The precise allegations against Salandy in his individual capacity are impossible to ascertain from the Complaint. A government official is presumed to have qualified immunity unless the Plaintiff can make the requisite showing that the official's conduct violated a constitutional right. The Plaintiff has failed to plead any factual allegations removing Salandy's qualified immunity.

Bernard Salandy is immune from liability in his individual capacity under the doctrine of qualified immunity. Qualified immunity shields government officials from personal liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

---

[3] In essence, the Plaintiff's Compliant asserts a strict liability claim: that because the suicide occurred, the Defendants must liable. This is obviously not the standard for either Section 1983 claims or Tennessee wrongful death claims.

known." *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Loy v. Sexton*, 132 Fed. Appx. 624, 626 (6th Cir. 2005); *Bush v. Rauch*, 38 F.3d 842, 848 (6th Cir. 1994). The issue of qualified immunity is essentially a legal question for the Court to resolve. *Everson*, 556 at 494.

There is a two-prong analysis that this Court is to use in order to determine qualified immunity. First, the Court must consider a threshold question of whether the facts alleged show that the official's conduct violated a constitutional right. *See Sexton*, 132 Fed. Appx. at 626. If there is no showing of a constitutional violation, then the qualified immunity inquiry ends. *Id.* If, on the other hand, the facts viewed in the light most favorable to the plaintiff establish such a violation, then the Court must determine whether the right was so clearly established that a reasonable official would have known that his conduct would violate that right. *Id.* Where a defendant raises qualified immunity as a defense, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity. *See Baker v. City of Hamilton*, 471 F.3d 601, 605 (6th Cir. 2006). Moreover, the plaintiff has the burden of showing that a right is clearly established. *Leis*, 556 F.3d at 494.

In the context of excessive bail in violation of the Eighth Amendment, the Supreme Court has stated that "[w]hen the Government has admitted its only interest is in preventing flight, bail must be set by a court at a sum designed to ensure that goal, and no more. *United States v. Salerno*, 481 U.S. 739, 754 (1987). Here, the Plaintiff attempts to, ipso facto, state that the deceased's suicide is sufficient factual proof that the bail was excessive. However, there is no allegation that Defendant Salandy sets bail or sets the

guidelines for determine when and how to set bail.[4]  Therefore, the Plaintiff fails to make any factual allegations that Salandy, in his individual capacity, violated the deceased's Eighth Amendment rights.

The Complaint also alleges that the Defendants failed to properly asses the risk of suicide or to monitor the deceased.  See Complaint at ⁋ 22-23.  There is no specific allegation as to what Salandy failed to do.  One may infer that Plaintiff claims that Salandy failed to adequately monitor or failed to properly assess the deceased, but that is just a conclusory allegation.  The Complaint contains no factual allegations that Salandy determined the bail amount or violated the deceased's Eighth Amendment rights in that regard.

Assuming arguendo that this Court were to find that Salandy was not protected under qualified immunity, the Plaintiff fails to plead sufficient factual allegations to hold him liable in his individual capacity.  First, Salandy is not liable in his supervisory capacity.  There are no allegations in the Complaint that Salandy was physically present or involved in the alleged constitutional violations.  Only in rare cases, does the supervisor not have to be "physically . . . present at the time of the constitutional violation."  *Hanson v. Madison Cnty. Det. Ctr.*, 736 Fed. Appx. 521, 539 (6th Cir. 2018) (quoting *Peatross v. City of Memphis*, 818 F.3d 233. 242 (6th Cir. 2016)).  Furthermore, the Sixth Circuit has set forth a "'minimum bar' by announcing a '§ 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly

---

[4] The Tennessee legislature is the one who sets the guidelines and a judge or magistrate is the one who sets the bail amount.  *See* Tenn. Code Ann. § 40-11-115.

acquiesced in the unconstitutional conduct of the offending subordinate.'" *Hanson*, 736 Fed. Appx. at 539 (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). In the case at bar, the Plaintiff fails to allege how Salandy authorized, approved, or knowingly acquiesced to the unconstitutional conduct. *Id*. Additionally, the only named individual is Lisa Speck who is an employee of Rudd Medical Services, P.L.C. The Complaint contains no factual allegations that Salandy authorized, approved, or knowing acquiesced to any alleged inadequacies of Ms. Speck's provision of medical services. Therefore, the Plaintiff fails to adequately plead how Salandy is liable in his individual capacity. Second, there is no *respondeat superior* liability in a § 1983 action. *Monell v. New York City Dept. of Soc. Svs.*, 436 U.S. 658, 689, 693 (1978). Third, the Plaintiff does not plead any factual allegations as to what Salandy's individual duty was and how he allegedly breached said duty. Fourth, the Plaintiff does not plead any factual allegations that Salandy had any knowledge of the alleged mental condition of the deceased. Therefore, even if this Court were to find that Salandy is not entitled to qualified immunity, there is no theory with which to hold Salandy liable in his individual capacity.

### D. Plaintiff's Claims against Rutherford County and Sheriff Fitzhugh in his Official capacity must be dismissed.

The Plaintiffs have asserted claims against Rutherford County and Sheriff Fitzhugh in his official capacity. Based on the allegations in the Complaint, these claims must likewise be dismissed.

It is well established that "official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *See*

*Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell.*, 436 U.S. at 690). As such, the official capacity claim against Sheriff Fitzhugh is essentially a claim against Rutherford County. A governmental entity is only liable under §1983 when the "entity itself is 'a moving force' behind the deprivation" of a constitutional right. *See Graham*, 473 U.S. at 166 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)). Therefore, in an official-capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law. *Id.* To successfully plead an official-capacity claim against a municipal employee or entity, a plaintiff must (i) identify a municipal policy or custom; (ii) connect that policy or custom to the municipality; and (iii) show that execution of that policy or custom caused the particular injury. *See Denton v. Bedinghaus*, 40 Fed. Appx. 974, 977 (6th Cir. 2002). Municipalities incur § 1983 liability only when the plaintiff's injuries are the result of a custom or policy of the municipality. *Knott v. Sullivan*, 418 F.3d 561, 575.

In order for the Rutherford County to be liable, "its polices [must be] the 'moving force [behind] the constitutional violation.'" *Gray v. City of Detroit*, 399 F.3d 612, 617 (6th Cir. 2005) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). The County's liability "must rest on a direct causal connection between the policies or customs of the city and the constitutional injury to the plaintiff." *Gray*, 399 F.3d at 617 (citing *Canton*, 489 U.S. at 385). The Plaintiff fails to plead any policy or procedure of the County that is bears a "direct causal connection" to the injury. Therefore, the Plaintiff's claim should be dismissed because the Plaintiff fails to plead a policy or procedure that bears a direct causal connection to the injury.

The Complaint contains no allegations about who set the bail or even how the bail was set, and what makes it excessive in this instance. In Tennessee, setting bail is a judicial function. *See* Tenn. Code Ann. § 40-11-115. Not only are judges absolutely immune from liability but also "[o]ne who acts as a judge's designee, and who carries out a function for which the judge is immune, is likewise protected" under quasi-judicial immunity. *Huffer v. Boden*, 503 Fed. Appx. 455, 458, 461 (6th Cir. 2012).[5] Therefore, as a matter of law, none of the named Defendants are liable for the setting of bail as there are no allegations that any of the named Defendants set the bail. Additionally, judicial immunity protects the magistrate or judge who did set the bail in this case.

Plaintiff makes the conclusory allegation that the Defendants failed to provide adequately trained personnel to assess the risk of inmate suicide. See Complaint ⁋ 22. However, the Complaint contains no factual allegations regarding what was inadequate about the medical care or what policy or custom was the moving force behind the provision of allegedly inadequate medical care. Additionally, the Complaint contains no factual allegations as to what was allegedly inadequate with regard to the training of the medical personnel or the prison employees.

In the Complaint, the Plaintiff does not make allegations about specific customs or policies. Instead, she alleges a generalized conclusory allegation that policies or customs were the cause without specific reference to any policy or custom. The Plaintiff may not rely on this one occurrence to imply that a municipal wide policy caused the event. *See*

---

[5] The Complaint does not name any judge or judicial officer as a party defendant.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 432-33 (6th Cir. 2005) (where the Sixth Circuit said that "[t]his argument, taken to its logical end, would result in the collapsing of the municipal liability standard and to a simple *respondeat superior* standard. This path to municipal liability has been forbidden by the Supreme Court."). Without even the identity of an alleged policy or custom that relates to and caused the injury, the Complaint fails to state a claim against Sheriff Fitzhugh in his official capacity or against Rutherford County.

> **E.** **Plaintiff failed to plead any facts that the Defendants were deliberately indifferent to the alleged mental state of the deceased.**

"Very few cases have upheld municipal liability for the suicide of a pre-trial detainee." *Gray*, 399 F.3d at 618. This is because "[s]uicide is a difficult event to predict and prevent and often occurs without warning." *Id*. at 616. The Courts have provided a test for determining when medical care provided in a prison facility is in violation of the Eighth or Fourteenth Amendment. First, the objective component provides that "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, the subjective component requires that "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703 (citing *Farmer*, 511 U.S. at

837).   Assuming, arguendo, that the objective component is met;[6]   nevertheless, the

Plaintiff fails to plead sufficient facts that the subjective prong was met in this case.   The

Plaintiff must "alleg[e] deliberate indifference [which is] more than negligence or the

misdiagnosis of an ailment."  *Comstock*, 273 F.3d at 703 (citing *Estelle v. Gamble*, 429 U.S.

97, 106 (1976)).   The Sixth Circuit has further described this deliberate indifference

standard as follows:

> When a prison doctor provides treatment, albeit carelessly or
> inefficaciously, to a prisoner, he has not displayed a deliberate indifference
> to the prisoner's needs, but merely a degree of misconduct which does not
> rise to the level of a constitutional violation.  On the other hand, a plaintiff
> need not show that the official acted 'for the very purpose of causing harm
> or with knowledge that harm will result.'

*Comstock*, 273 F.3d at 703 (citing *Farmer*, 511 U.S. at 835).  This is an "onerous burden" for

the Plaintiff.   *Comstock*, 273 F.3d at 703.   Here, the Plaintiff fails to bring any factual

allegations that show that any of the officials being sued had any knowledge of the

substantial risk to the deceased.   Rather, Plaintiff makes only conclusory allegations. The

Supreme Court has made clear that "threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements do not suffice."  *Ashcroft*, 556 U.S. at

678.   There are no allegations that Fitzhugh or Salandy "perceived facts from which to

infer substantial risk to the prisoner."   *Comstock*, 273 F.3d at 703.   Additionally, the

Plaintiff fails to plead any facts that any official was deliberately indifferent.  Regardless

of if the Plaintiff believes that the defendants provided inadequate medical care, the

---

[6] The Defendants do not concede for the purposes of anything other than this argument that the deceased's alleged medical condition was sufficiently serious."

standard requires that the "municipal actor disregarded a known or obvious consequence of his action." *Perez v. Oakland Cty.*, 466 F.3d 416, 430-31 (6th Cir. 2006).

**F. The Plaintiff's pendent state law claim for negligence should be dismissed for failure to state a claim upon which relief can be granted.**

In Tennessee, "[p]rison officials are not insurers of prison safety." *Cockrum v. State*, 843 S.W.2d 433, 438 (Tenn. Ct. App. 1992) (citing *Figueroa v. State*, 604 P.2d 1198, 1205 (Haw. 1979)). "[T]heir conduct must only be reasonably commensurate with the inmate's known condition." *Cockrum*, 843 S.W.2d at 438. Here, other than conclusory allegations, there are no allegations that the conduct of any of the Defendants was not reasonably commensurate with the inmate's known condition. As such, the pendent state law claim should be dismissed.

## V. CONCLUSION

For the reasons above, the Defendants respectfully request that this Court dismiss this action for failure to state a claim upon which relief can be granted.

Respectfully submitted,

**Hudson, Reed & McCreary, PLLC**

By: /s/ E. Evan Cope
      E. Evan Cope, #21436
      Josh A. McCreary, #19498
      16 Public Square North
      Murfreesboro, TN 37130
      (615) 893-5522
      ecope@mborolaw.com
      jmccreary@mborolaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following via the District Court's electronic filing system:

Robert D. MacPherson, Esq.
MacPherson & Youmans, P.C.
119 Public Square
Lebanon, TN 37087
rdmacpherson@macyolaw.com

on this 19th day of February, 2019.

/s/ E. Evan Cope_____
E. Evan Cope