IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MARY ANN BAUER**, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case Number 3:18-cv-1293 |
| | ) | |
| v. | ) | Judge Richardson |
| | ) | |
| **MICHAEL S. FITZHUGH**, | ) | Magistrate Judge Holmes |
| **BERNARD SALANDY**, and | ) | |
| **RUTHERFORD COUNTY, TENNESSEE**, | ) | **JURY DEMAND** |
| | ) | |
| *Defendants*. | ) | |

---

## A M E N D E D   C O M P L A I N T
---

The plaintiff, **MARY ANN BAUER**, by her undersigned attorney, sues the defendants, **RUTHERFORD COUNTY, TENNESSEE, RUDD MEDICAL SERVICES, P.L.C.**, and **LISA L. SPECK** for damages, and says:

### Parties

1. The plaintiff, **MARY ANN BAUER**, is an individual resident of Rutherford County, Tennessee.

2. The plaintiff is a natural parent — specifically, the natural mother — of **JOSEPH ALLEN BAUER** (hereinafter, "the deceased"), deceased.

3. The deceased committed suicide by hanging in the Rutherford County Adult Detention Center (hereinafter, "the jail") on November 16, 2017, and died on November 19, 2017.

4. At the time of his death, the deceased was a resident of Rutherford County, Tennessee.

5. The deceased was predeceased by his other natural parent, his natural father, Gerald Joseph Bauer, who died on July 28, 2008.

– 1 –

6. At the time of his death, the deceased was not married.

7. The deceased never had any children.

8. In view of the foregoing, and following the line of consanguinity, the plaintiff is the deceased's "next or nearest in blood," and, thus, is the deceased's next-of-kin.[1]

9. The defendant **MICHAEL S. FITZHUGH** (hereinafter, "Fitzhugh") is the sheriff of Rutherford County, Tennessee, and is sued in his official capacity.

10. The defendant **BERNARD SALANDY** (hereinafter, "Salandy") is the administrator of the jail, and is sued in his individual capacity.

11. The defendant **RUTHERFORD COUNTY, TENNESSEE** (hereinafter, "the County," is a political subdivision of the State of Tennessee.

## Jurisdictional Statement

12. Count I, below, is a civil action for deprivation of constitutional rights brought pursuant to 42 U.S.C. §1983. Accordingly, Count I presents a federal question over which this court has jurisdiction pursuant to 28 U.S.C. §1331, and constitutes a claim to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom, or usage, of a right secured by the Constitution of the United States, over which this court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3).

13. Count II, below, is a claim for damages brought under the tort laws of the State of Tennessee that are so related to the federal-question claim in this action over which this Court has original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution. Accordingly, Count II of this action falls within this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

---

1 *See, Estate of Dobbins, In re*, 987 S.W.2d 30, 36 (Tenn. App., 1998).

– 2 –

Case 3:18-cv-01293   Document 23-1   Filed 03/21/19   Page 2 of 7 PageID #: 78

## Statement of the Claim

### COUNT I: SECTION 1983 CLAIM FOR WRONGFUL DEATH

14. This count is an action brought pursuant to 42 U.S.C. § 1983 for the defendants' deprivation, under color of state law, of the deceased's rights, privileges, and immunities secured by the Constitution of the United States.

15. The plaintiff incorporates by reference the allegations of paragraphs 1 through 8, above.

16. All of the actions of the defendants complained of herein were taken under color of state law, to wit: the County's establishment as a political subdivision of the state, Fitzhugh's under state law as sheriff, and Salandy's authority under state law as Fitzhugh's deputy charged with administering the jail.

17. On November 15, 2017, the deceased was arrested by the Smyrna, Tennessee, police department on an allegation that the deceased had shoplifted approximately $100 worth of merchandise from the Smyrna Walmart retail store.

18. Thereafter, Smyrna police transported the deceased to the jail, where the deceased came under the charge of Salandy, the jail administrator.

19. Based on established practice, policy, and custom of the County, bail for the deceased was arbitrarily established at $2,500 in violation of of the deceased's right under the Eighth Amendment to the United States Constitution to be free from excessive bail, and in violation of applicable Tennessee law.

20. Because of this arbitrary, excessive bail — a sum that the deceased could not pay — the County consequently eliminated the possibility that the deceased would secure a quick pre-trial release.

21. At the time of his booking into the jail, the deceased disclosed facts and exhibited traits and circumstances to one or more correctional employees at the jail that caused them to infer the existence of a substantial suicide risk to the deceased. These disclosures, traits, and circumstances included, without intending any limitation, that the deceased had suicidal thoughts and a history of mental health concerns and that he desired that a pet animal welfare organization be contacted to pick up and care for the deceased's animals.

22. The deceased's disclosures to one or more correctional officers at the jail were concerning enough to one or more correctional officers that one or more correctional officers sought the opinion of the jail's medical personnel about whether the deceased should be monitored closely to prevent a suicide attempt.

23. Fitzhugh is the primary law-enforcement (including jail operations) policy maker for Rutherford County.

24. Salandy is the primary jail-operations policy maker for Rutherford County, subject only to the control of Fitzhugh.

25. Based on established practice, policy, and custom of Fitzhugh, Salandy, and Rutherford County, jail medical personnel without adequate mental health training are charged with indicating to jail personnel whether an inmate presents a significant risk for suicide.

26. The practice, policy, and custom of the defendants to permit inadequately trained medical personnel to make suicide-risk decisions is tantamount to deliberate indifference to the medical needs of the deceased.

27. After making a statement to a correctional officer at the jail relating to past suicidal tendencies, and in keeping with the aforesaid policy of permitting inadequately trained medical personnel make suicide-risk decisions, the deceased was given a cursory

– 4 –

Case 3:18-cv-01293   Document 23-1   Filed 03/21/19   Page 4 of 7 PageID #: 80

evaluation by Lisa Speck, an inadequately trained employee of Rudd Medical Services, P.L.C., a medical services company contracted by the defendants to provide jail inmate medical services.

28. The due process clause of the Fourteenth Amendment to the United States Constitution provides pretrial detainees such as the deceased with a right to adequate medical treatment.

29. Given the extreme consequences of failing to adequately monitor suicidal inmates, including inmates such as the deceased who initiated a communication about his past suicidal tendencies, the failure by the defendants to provide adequately trained personnel to assess the risk of inmate suicide constitutes grossly inadequate medical care, and amounted to deliberate indifference by the defendants to the deceased's constitutional due-process rights.

30. As a direct, proximate result of the defendants' violation of the deceased's constitutional rights as aforesaid, the deceased unnecessarily remained in jail, where he was improperly monitored by the defendants to prevent a suicide attempt, resulting in a successful attempt on November 16, 2017, from which the deceased died on November 19, 2017.

31. As a direct, proximate result of the suicide, the deceased and, thus, the plaintiff, are entitled to recover damages for (a) medical bills for treatment of the injuries that resulted in death; (b) funeral expenses; (c) conscious pain and suffering from the date of the injury until the date of death; (d) loss of earning capacity between the date of injury and death; (e) loss of enjoyment of life between the date of injury and death; and (f) the pecuniary value of the deceased's life.  Additionally, the plaintiff is entitled to loss-of-consortium damages.

COUNT II: PENDENT STATE LAW CLAIM FOR NEGLIGENCE

32. This count is an action against the County brought under Tennessee's Governmental Tort Liability Act for negligence resulting in the death of the deceased.

33. The plaintiff incorporates by reference the allegations of paragraphs 1 through 8, and 12 through 24, above.

34. The defendants' duties to provide adequate medical care to the deceased and to avoid deliberate indifference to the deceased's constitutional rights as alleged above were breached by the defendants as alleged above.

35. As a direct, proximate result of the breach of the defendants' duties as aforesaid, the deceased, and, thus, the plaintiff, are entitled to recover damages for (a) medical bills for treatment of the injuries that resulted in death; (b) funeral expenses; (c) conscious pain and suffering from the date of the injury until the date of death; (d) loss of earning capacity between the date of injury and death; (e) loss of enjoyment of life between the date of injury and death; and (f) the pecuniary value of the deceased's life. Additionally, the plaintiff is entitled to loss-of-consortium damages.

**Prayer for Relief**

The plaintiff demands judgment of and from the defendants, jointly and severally, for compensatory damages claimed above in the sum of Ten Million Dollars for the § 1983 claim and compensatory damages claimed above in the sum of Ten Million Dollars for the pendent state-law claim.

## Demand for Jury Trial

The plaintiff demands trial by jury.

Respectfully submitted,

**MACPHERSON & YOUMANS**

by s/ Robert D. MacPherson
Robert D. MacPherson, BPR #022516
MacPherson & Youmans
119 Public Square
Lebanon, Tennessee 37087
Telephone: (615) 444-2300
email: *rdmacpherson@macyolaw.com*
Attorney for the plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on the 21st day of March, 2019, service of a copy hereof was made upon Filing Users through the Electronic Filing System. The specific persons upon whom service is made are **E. Evan Cope** and **Nicholas Clinton Christiansen**, Hudson, Reed & McCreary, PLLC, 16 Public Square North, Post Office Box 884, Murfreesboro, Tennessee 37133, attorneys for the defendants.

by s/ Robert D. MacPherson
Robert D. MacPherson
