# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| MARY ANN BAUER | ) |
| | ) |
| Plaintiff, | ) No. 3:18-cv-1293 |
| | ) |
| v. | ) Judge Richardson |
| | ) |
| MICHAEL S. FITZHUGH, | ) Magistrate Judge Holmes |
| BERNARD SALANDY, and | ) |
| RUTHERFORD COUNTY, TENNESSEE, | ) |
| | ) |
| Defendants. | ) |

## RUTHERFORD COUNTY, TENNESSEE'S, MICHAEL S. FITZHUGH'S, AND BERNARD SALANDY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendants Rutherford County, Tennessee, Michael S. Fitzhugh, and Bernard Salandy (hereinafter, "Defendants"), by and through counsel, and in response to Plaintiff's First Amended Complaint (hereinafter "Complaint"), would state unto this Honorable Court as follows:

### FIRST DEFENSE

Pending investigation and in order to avoid waiver, Defendants aver that some or all of the averments in the Complaint fail to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Without waiving its affirmative and other defenses, Defendants respond to the allegations and averments contained in the Complaint as follows:

### PARTIES

1. Upon information and belief, the Defendants admit the averments in paragraph 1.

1

2. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2, and therefore deny the same.

3. Upon information and belief, Defendants admit the allegations in Paragraph 3.

4. Upon information and belief, Defendants admit the allegations in Paragraph 4.

5. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5, and therefore deny the same.

6. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6, and therefore deny the same.

7. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7, and therefore deny the same.

8. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8, and therefore deny the same.

9. Defendants admit the allegations contained in paragraph 9.

10. Defendants deny the allegations contained in paragraph 10.

11. Defendants admit the allegations contained in paragraph 11.

**JURISDICTIONAL STATEMENT**

12. The allegations in paragraph 12 assert Plaintiff's stated purpose in bringing this action and thus are not allegations to be admitted or denied, however, Defendants deny them for all purposes. Defendants further deny that there was any deprivation of constitutional rights of the Plaintiff and deny that they are liable to the Plaintiff whatsoever.

13. The allegations in paragraph 13 assert Plaintiff's stated purpose in bringing this action and thus are not allegations to be admitted or denied, however, Defendants deny them for all purposes. Defendants further deny that there was any deprivation of

constitutional rights of the Plaintiff and deny that they are liable to the Plaintiff whatsoever.

## STATEMENT OF THE CLAIM

Count I: Section 1983 Claim for Wrongful Death

14. The allegations in paragraph 14 assert Plaintiff's stated purpose in bringing this action and thus are not allegations to be admitted or denied, however, Defendants deny them for all purposes. Defendants further deny that there was any deprivation of constitutional rights of the Plaintiff and deny that they are liable to the Plaintiff whatsoever.

15. Defendants incorporate by reference their responses to paragraphs 1 through 8 of the Plaintiff's Complaint as if fully set forth herein.

16. Defendants deny the allegations in paragraph 16.

17. Upon information and belief, Defendants admit the allegations contained in paragraph 17.

18. The allegations in paragraph 18 are admitted in part and denied in part. It is admitted that Smyrna police transported Joseph A. Bauer to the jail, but it is denied that he was under the change of Salandy, the jail administration.

19. Defendants deny the allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20.

21. With regard to the first grammatical sentence of paragraph 21, Defendants deny the allegations. With regards to the second grammatical sentence of paragraph 21, Defendants admit that the deceased requested someone to care for his pets during his time in the Rutherford County Jail but deny that such statements show a history of mental health issues or suicidal tendencies.

22. Defendants deny the allegations in paragraph 22, as stated.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 as it is not know what is meant by

3

"primary law-enforcement policy maker for Rutherford County" In further response, Fitzhugh is the Sheriff of Rutherford County with all of the duties and authority vested in that office by law.

24. Defendants deny the allegations in paragraph 24, as stated.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27, as stated.

28. The allegation in paragraph 28 does not require a response; however, inasmuch as paragraph 28 contains allegations against the Defendants, the same are denied.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

## Count II: Pendent State Law Claim

32. The allegations in paragraph 32 assert Plaintiff's stated purpose in bringing this action and thus are not allegations to be admitted or denied, however, Defendants deny them for all purposes. Defendants further deny that there was any deprivation of constitutional rights of the Plaintiff and deny that they are liable to the Plaintiff whatsoever.

33. Defendants incorporate their responses to paragraphs 1 through 8, and 12 through 24 of the Plaintiff's claim as if fully set forth herein.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

**PRAYER FOR RELIEF**

In response to the prayer for relief in the Complaint, Defendants deny that Plaintiff is due any of the relief prayed for against them in the Complaint.

Any and all allegations set forth in the Complaint that are not heretofore expressly admitted are denied.

## THIRD DEFENSE

Defendants aver that they are entitled to recover attorney's fees from Plaintiff pursuant to 42 U.S.C. § 1988.

## FOURTH DEFENSE

These Defendants aver that Plaintiff does not have standing to bring some or all of the claims contained in the Complaint.

## FIFTH DEFENSE

These Defendants aver that Plaintiff was not deprived of a right secured by the Constitution or law of the United States by a person acting under color of state law, and Defendants deny that they are responsible party any action or omission that was in violation of Plaintiff's constitutional rights or that was otherwise improper under federal or state law in violation of the same.

## SIXTH DEFENSE

These Defendants aver that they cannot be held liable to Plaintiff pursuant to 42 U.S.C. § 1983 because Plaintiff has failed to assert any custom or policy that was the moving force behind the constitutional injuries alleged in the Complaint. Defendants further assert that they cannot be liable to Plaintiff under 42 U.S.C. § 1983 because of the lack of any violation of that statue and/or because of the absence of any custom or policy that was the moving force behind a violation of 42 U.S.C. § 1983.

## SEVENTH DEFENSE

These Defendants aver that they cannot be held liable to Plaintiff pursuant to 42 U.S.C. § 1983 because of the absence of an express policy adopted by Defendants that was the moving force behind any alleged constitutional deprivation or violation of any law.

## EIGHTH DEFENSE

These Defendants aver that they cannot be held liable to Plaintiff pursuant to 42 U.S.C. § 1983 because of the lack of an affirmative link between any alleged policy or custom of Defendants and the particular constitutional violation alleged in the Complaint.

## NINTH DEFENSE

These Defendants aver that they cannot be held liable to Plaintiff pursuant to 42 U.S.C. § 1983 because of the absence of a clear and persistent pattern of constitutional violations similar to that alleged by Plaintiff of which Defendants were aware or should have been aware.

## TENTH DEFENSE

These Defendants aver that they cannot be held liable to Plaintiff pursuant to 42 U.S.C. § 1983 because Defendants did not fail to institute a policy despite an obvious need to do so such that Defendants were deliberately indifferent in failing to adopt such policy.

## ELEVENTH DEFENSE

These Defendants aver that they cannot be held liable to Plaintiff pursuant to 42 U.S.C. § 1983 because Defendants did not tacitly approve of any unconstitutional conduct, policy, custom, or other law that was the moving force behind the alleged constitutional violation.

## TWELFTH DEFENSE

These Defendants aver that they cannot be held liable to Plaintiff pursuant to 42 U.S.C. § 1983 because Defendants were properly trained and supervised.

## THIRTEENTH DEFENSE

These Defendants aver that they are entitled to quasi-judicial absolute immunity.

## FOURTEENTH DEFENSE

These Defendants aver that they are entitled to qualified immunity in this cause because their conduct did not violate clearly established statutory or constitutional rights, and because, considering the circumstances Defendants encountered, Defendants' actions were not objectively unreasonable under any law. Further, these Defendants aver that they are entitled to qualified immunity under state law as to Plaintiff's state law claims, if any.

## FIFTEENTH DEFENSE

These Defendants aver that Plaintiff cannot prove a cause of action against them because Plaintiff cannot prove that Defendants breached any duty to Plaintiff or that the alleged actions or omissions of Defendants constituted the factual, legal, and/or proximate cause of Plaintiff's alleged damages.

## SIXTEENTH DEFENSE

The Defendants asset the affirmative defense of comparative fault and submit that Joseph Allen Bauer is at fault in this cause and that the actions of Joseph Allen Bauer are the proximate cause of Plaintiff's injuries.

## SEVENTEENTH DEFENSE

To the extent the Complaint states any claims for relief pursuant to Tennessee State Law, such claims should be dismissed for lack of subject matter jurisdiction. Further, these Defendants aver that this Court should not acquire supplemental jurisdiction over Plaintiff's state law claims, if any, pursuant to *Beddingfield v. City of Pulaski*, 666 F.Supp. 1064 (M.D. Tenn. 1987).

## EIGHTEENTH DEFENSE

These Defendants plead and rely upon the provisions of the Tennessee Governmental Tort Liability Act to govern the nature and extent of their liability to Plaintiff's state law claims, if any, in this case.

## NINETEENTH DEFENSE

These Defendants aver that they are immune from suit as to Plaintiff's state law claims, if any, pursuant to the Tennessee Governmental Tort Liability Act because all of the alleged actions or omissions are discretionary in nature.

## TWENTIETH DEFENSE

These Defendants aver that Plaintiff's state law claims, if any, are barred by the public duty doctrine.

## TWENTY-FIRST DEFENSE

These Defendants reserve the right to add any additional defenses as those defenses are ascertained.

## TWENTY-SECOND DEFENSE

Any averments not heretofore admitted or denied, or otherwise explained, are herein now denied as if they were set forth specifically and denied.

WHEREFORE, having fully responded to the averments contained in the Complaint, Defendants pray that it be dismissed from this action with all costs taxed to Plaintiffs. Failing dismissal, Defendants pray for a trial by a jury of twelve (12) on all jury issues joined by the pleadings and for such further, general relief to which they might be entitled.

Respectfully submitted,

**Hudson, Reed & McCreary, PLLC**

By: /s/ E. Evan Cope
E. Evan Cope, #21436
Nicholas C. Christiansen, #30103
Daniel W. Ames, #36720
16 Public Square North
Murfreesboro, TN 37133
(615) 893-5522

8

ecope@mborolaw.com
nchristiansen@mborolaw.com
dames@mborolaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via the Court's electronic filing system to all counsel registered in this case on this the 14th day of August, 2019:

Robert D. MacPherson, Esq.
MacPherson & Youmans, P.C.
119 Public Square
Lebanon, TN 37087
rdmacpherson@macyolaw.com

/s/ E. Evan Cope
E. Evan Cope