THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY ANN BAUER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-01293 |
| | ) |
| MICHAEL S. FITZHUGH, | ) Judge Eli J. Richardson |
| BERNARD SALANDY, and | ) |
| RUTHERFORD COUNTY, TENNESSEE | ) Barbara D. Holmes, Magistrate Judge |
| | ) |
| Defendants. | ) Jury Demand |
| | ) |

## AGREED ORDER ALLOWING INSPECTION
## AND COPYING OF MEDICAL AND MENTAL HEALTH RECORDS
## OF JOSEPH ALLEN BAUER

By agreement and stipulation of Plaintiff Mary Ann Bauer, counsel for the respective parties, and by order of the Court, and pursuant to Tenn. Code Ann. §§ 63-2-101 *et seq.* and 68-11-304 and the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. §§ 160 and 164, it is hereby:

**ORDERED** that the attorneys for Defendants be, and they hereby are, authorized to inspect and/or copy any and all medical and/or mental health records and related insurance and billing records—including, but not limited to, any records protected under state or federal law such as records relating to psychological impairments (Tenn. Code Ann. § 63-11-213), psychiatric impairments (Tenn. Code Ann. § 24-1-207(a)), alcohol and drug treatment facilities (Tenn. Code Ann. § 33-10-408(a)), drug abuse, alcoholism, sickle cell anemia, or HIV infection (38 U.S.C. § 7332(a))—pertaining to the examination,

diagnosis, care or treatment of decedent Joseph Allen Bauer (hereinafter referred to as "Decedent") whose date of birth and social security number and/or tax ID number (last four numbers only) are _____, and xxx-xx-_____, respectively.

In order to prevent the public disclosure Decedent's date of birth and social security number, Defendants' attorneys are permitted to insert Decedent's date of birth and social security number and/or Tax ID number (last four numbers only) into the relevant blanks provided in the preceding paragraph after this order has been entered by the Court.

Any and all persons having custody of such records shall regard a true copy of this order as full and complete authorization to produce and permit inspection and/or copying of such records. In addition, any persons having custody of such records will not condition treatment, payment, enrollment in a health plan, or eligibility for benefits on this order. As a condition to Plaintiff's agreement to enter into this order, the attorneys for Defendants shall pay the reasonable costs of any such copying and mailing and shall provide copies of all documents obtained with this order to Plaintiff's attorney within fourteen (14) days after receipt by Defendants' attorneys at no cost to Plaintiff.

In accordance with HIPAA, 45 C.F.R. §§ 160 and 164, Plaintiff hereby acknowledges that the release of medical and/or mental health records per this order shall be used for discovery purposes in the above styled lawsuit. Plaintiff further acknowledges that any request for medical and/or mental health records shall extend to all records pertaining to treatment rendered to the Plaintiff, irrespective of type of

treatment or time of services rendered.  Lastly, Plaintiff acknowledges that records obtained per this order may be both subject to disclosure by and disseminated to agents/and or associates of counsel for all parties in this action, including but not limited to, the parties themselves, the parties' agents, and the parties' expert witnesses, and that any such information disclosed or disseminated will no longer be protected by HIPAA privacy standards.

This order does not allow Defendants' attorneys or representatives to engage in ex parte communications with Decedent's healthcare providers except to the extent necessary to discuss the production of records pursuant to the terms of this order.

This order shall remain in full force and effect until the discharge of the above styled lawsuit. This order may be revoked by the filing of a notice with the Court by Plaintiff and serving said notice on all parties.

It is so **ORDERED**.

Entered this \_\_\_\_ day of _____, 2020.

 

**JUDGE**

**APPROVED FOR ENTRY:**

**MACPHERSON & YOUMANS**

By: s/Robert D. MacPherson
    **Robert D. MacPherson**
    BPRN 022516
    119 Public Square
    Lebanon, Tennessee 37087
    (615) 444-2300
    rdmacpherson@macyolaw.com

    Attorney for Plaintiff

**HUDSON, REED & CHRISTIANSEN, PLLC**

By: s/D. Randall Mantooth
    **Nicholas C. Christiansen, #30103**
    **D. Randall Mantooth; #013875**
    16 Public Square North
    Murfreesboro, Tennessee 37130
    (615) 893-5522
    nchristiansen@mborolaw.com
    rmantooth@mborolaw.com

    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Agreed Order Allowing Inspection and Copying of Medical and Mental Health Records of Joseph Allen Bauer has been forwarded by electronic means via the court's electronic filing system to:

Robert D. MacPherson, Esq.
MacPherson & Youmans, P.C.
119 Public Square
Lebanon, TN 37087
rdmacpherson@macyolaw.com

on this 10th day of January, 2020.

By: s/D. Randall Mantooth
D. Randall Mantooth