THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY ANN BAUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-01293 |
| ) | |
| MICHAEL S. FITZHUGH, ) | Judge Eli J. Richardson |
| BERNARD SALANDY, and ) | |
| RUTHERFORD COUNTY, TENNESSEE ) | Barbara D. Holmes, Magistrate Judge |
| ) | |
| Defendants. ) | Jury Demand |
| ) | |

## PROPOSED AMENDED CASE MANAGEMENT ORDER

It appearing that the Court has entered an order granting the parties' Joint Motion to Continue Trial Date, to Amend Case Management Order and Extend Discovery Deadlines and for a Telephonic Case Management Conference (Doc. 39), it is hereby **ORDERED** that the initial case management order (Doc. 18) is amended as follows:

A. JURISDICTION: The plaintiff alleges that court has jurisdiction pursuant to 42 U.S.C. §1983 (Count I), 28 U.S.C. §1331 (Count I), 28 U.S.C. § 1343(a)(3) (Count I), and 28 U.S.C.§1367(a) (Count II). Defendants aver that the court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiff: The plaintiff's psychologically fragile son, Joseph Allen Bauer, was incarcerated in the Rutherford County, Tennessee, jail on November 15, 2017, as a pretrial detainee on a misdemeanor shoplifting charge. Upon his intake into the jail, Mr. Bauer

indicated that he had suicidal tendencies. In keeping with the defendant Sheriff's policy of permitting inadequately trained medical personnel to make suicide-risk decisions, Mr. Bauer was given a cursory evaluation by an inadequately trained employee of the defendant Rudd Medical Services, P.L.C., who failed to recommend appropriate suicide-prevention procedures. This was in violation of Mr. Bauer's constitutional right to adequate medical treatment and constitutes grossly inadequate medical care, all of which amounted to deliberate indifference by the defendants to the deceased's constitutional due-process rights.

As a consequence, Mr. Bauer hanged himself and died. The plaintiff brings this action as his next-of-kin. The pendent state claim alleges negligence under Tennessee's Governmental Tort Liability Act ("TGTLA") resulting in the death of Mr. Bauer.

For Defendant: The Decedent, Joseph Allen Bauer, received the appropriate medical screening. There was no basis to believe there was a substantial risk that the Decedent would attempt suicide. The Defendants did not act with deliberate indifference for the Decedent's health and safety. Rather, Defendants' care of the Decedent complied with the United States Constitution and the applicable standard of care. Additionally, the Decedent's death was not the result of a custom or policy, nor was it caused by a failure to train employees. Regardless, all of Plaintiff's claims are barred by operation of federal and state common and statutory law. Defendants hereby incorporate by reference all averments and defenses in its most recent answer.

C. ISSUES RESOLVED: None.

D. ISSUES STILL IN DISPUTE: Jurisdiction, venue, liability and damages. Specifically, the entire spectrum of liability issues are in dispute, including liability for constitutional violations as well as the TGTLA claim. Although the Decedent's death is not in dispute, the measure of damages for same, if any, is in dispute.

E. INITIAL DISCLOSURES: The parties shall exchange amended/updated initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **March 6, 2020**.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties must make a minimum of two independent, substantive attempts to resolve the case. The parties participated in an in-person meeting on June 20, 2019, to discuss settlement. On June 24, 2019, the parties filed a Supplemental Joint Case Resolution Status Report (Doc. 28) stating that the parties believe that third-party mediation might assist in resolution of this case after completion of discovery.

By no later than **August 28, 2020,** the parties shall conduct a second in-person meeting to attempt to settle this case before the deadline for filing dispositive motions. A representative of each defendant with full settlement authority shall attend the settlement conference. All parties are required to attend the second settlement conference in person. An updated joint status report shall be filed no later than **September 11, 2020,** and shall either confirm the parties' second good faith attempt at case resolution or update the Court on the status of the intended second attempt.

3
U:\006408-000170\Order -- Proposed Amended Case Management.docx

In lieu of a second in-person settlement conference, or in addition, the parties may request a judicial settlement conference as provided for herein, or may mediate by agreement without further order, provided the scheduling of any such mediation does not require the extension of any case management deadline and the mediation is concluded prior to the deadline for filing dispositive motions. Any request of the parties for a judicial settlement conference must be made by no later than **August 1, 2020,** and must also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **May 29, 2020**. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than **February 15, 2020**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of

the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions.

All discovery conference requests must be made by and all permitted motions must be filed by no later than **May 29, 2020**. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, of no more than 3 pages per affected party, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities, including any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. The discovery conference will not be held until a compliant joint statement is filed.

If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

H. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **June 15, 2020**. The defendant shall identify and disclose all expert witnesses and reports on or before **July 31, 2020**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise

provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **October 16, 2020**.

I. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held telephonically _____ to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. Plaintiff's counsel shall initiate the call.

J. DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **November 20, 2020**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

K. ELECTRONIC DISCOVERY. The parties have reached an agreement on how to conduct electronic discovery and have submitted that agreement to the court in the form of a proposed stipulation. Therefore, Administrative Order No.174-1 need not apply to this case.

L. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

M. ATTORNEYS. Entry of an appearance or otherwise participating as counsel of record is a representation that the attorney will be prepared to conduct the trial of this action, from which an attorney may only be relieved by approval of the Court.

N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The jury trial of this action is expected to last approximately four days. A trial date no earlier than **April 27, 2021,** is respectfully requested.

It is so **ORDERED**.

Entered this \_\_\_\_ day of _____, 2020.

**JUDGE**

**APPROVED FOR ENTRY:**

**MACPHERSON & YOUMANS**

By: s/Robert D. MacPherson
  **Robert D. MacPherson**
  BPRN 022516
  107 S. Greenwood Avenue, Suite B
  Lebanon, Tennessee 37087
  (615) 444-2300
  rdmacpherson@macyolaw.com

  Attorney for Plaintiff

**HUDSON, REED & CHRISTIANSEN, PLLC**

By:   s/D. Randall Mantooth
     **Nicholas C. Christiansen, #30103**
     **D. Randall Mantooth; #013875**
     16 Public Square North
     Murfreesboro, Tennessee 37130
     (615) 893-5522
     nchristiansen@mborolaw.com
     rmantooth@mborolaw.com

     Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Proposed Amended Case Management Order has been forwarded by electronic means via the court's electronic filing system to:

Robert D. MacPherson, Esq.
MacPherson & Youmans, P.C.
107 S. Greenwood Avenue, Suite B
Lebanon, TN 37087
rdmacpherson@macyolaw.com

on this 14th of January, 2020.

                                               By:   s/D. Randall Mantooth
                                                        D. Randall Mantooth

9
U:\006408-000170\Order -- Proposed Amended Case Management.docx

Case 3:18-cv-01293 Document 46 Filed 01/14/20 Page 9 of 9 PageID #: 146