THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY ANN BAUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case no. 3:18-CV-01293 |
| ) | |
| MICHAEL S. FITZHUGH, ) | Judge Eli J. Richardson |
| BERNARD SALANDY, and ) | |
| RUTHERFORD COUNTY, TENNESSEE, ) | Barbara D. Holmes, Magistrate Judge |
| ) | |
| Defendants. ) | Jury Demand |
| ) | |

## DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Come Defendants, by and through counsel, pursuant to Fed. R. Civ. P. 12(b)(6) and (c), and move this court for a partial judgment on the pleadings. In support of their motion, Defendants aver that Count II of the Amended Complaint (Doc. 27) fails to state a claim upon which relief can be granted because:

1. The averments in Count II of the Amended Complaint attempt to state a claim under Tennessee state law for an alleged injury caused by a health care provider's provision of and/or failure to provide health care services to a person. Specifically, Plaintiff alleges that Defendants and Rutherford County's contracted medical personnel failed to properly identify suicidal ideation exhibited by her son (hereinafter referred to as "Decedent") which resulted in Decedent committing suicide while in the Rutherford County Adult Detention Center (hereinafter referred to as "the RCADC");

1

2. Therefore, Plaintiff's claim is a health care liability action as defined by the Tennessee Health Care Liability Act (Tenn. Code Ann. §§ 29-26-101 to -122), and more specifically, Tenn. Code Ann. § 29-26-101(a)(1);

3. Tennessee Code Annotated § 29-26-122(a) provides that a plaintiff in a health care liability action in which expert testimony is required "shall file a certificate of good faith with the complaint" which contains certain information about the plaintiff or plaintiff's counsel's consultation with a consulting expert regarding the merits of the action;

4. Plaintiff alleges in the Amended Complaint that Defendants failed to provide adequate medical care and, more specifically, failed to properly identify and/or respond to suicidal ideation exhibited by Decedent who subsequently committed suicide at the RCADC;

5. In order to prove her claim of inadequate medical care, Plaintiff will necessarily have to present testimony of a medical expert;

6. Plaintiff did not file a certificate of good faith with either of her complaints;

7. The Tennessee Supreme Court has held that the filing of such a certificate is mandatory. See Myers, 382 S.W.3d at 309. Tennessee Code Annotated § 29-26-122(c) provides that the failure of a plaintiff to file an appropriate certificate of good faith "shall, upon motion, make the action subject to dismissal with prejudice.";

8. Tennessee Code Annotated § 29-26-121(a) provides that a plaintiff or authorized agent is required to give particularized written notice of a potential health care liability claim at least 60 days before the filing of a complaint;

9. There is no evidence in the record that Plaintiff or anyone else gave the required written notice of her claim as required by § 29-26-121(a);

10. Tennessee Code Annotated § 29-26-121(b), as interpreted by the Tennessee Supreme Court, requires a plaintiff in a health care liability claim to state in the complaint whether she complied with § 29-26-121(a). See Myers v. AMISUB (SFH), Inc., 382 S.W.3d 300, 309 (Tenn. 2012);

11. Neither the original Complaint (Doc. 1) nor the Amended Complaint state that Plaintiff gave pre-suit notice as required by Tenn. Code Ann. § 29-26-121(a)(1);

12. In Foster v. Chiles, 467 S.W.3d 911 (Tenn. 2015), the Tennessee Supreme Court held that "dismissal without prejudice is the proper sanction for noncompliance with Tenn. Code Ann. § 29-26-121(a)(1)." Id. at 916.

Based on the foregoing and the more detailed arguments set forth in their memorandum of law in support of this motion, which is incorporated herein by reference, Defendants respectfully submit that his Court should enter an order dismissing Count II of the Amended Complaint with prejudice for failure to file a certificate of good faith and enter partial judgment on the pleadings as a matter of law. In the alternative, Defendants respectfully submit that this Court should enter an order dismissing Count II of the Amended Complaint without prejudice for failure to file pre-suit notice and enter partial judgment on the pleadings as a matter of law.

3

U:\006408-000170\Motion for Judgment on Pleadings.docx
Case 3:18-cv-01293   Document 50   Filed 03/27/20   Page 3 of 4 PageID #: 163

Respectfully submitted,

**HUDSON, REED & CHRISTIANSEN, PLLC**

**By:** ___s/ D. Randall Mantooth_____
    **Nicholas C. Christiansen, #30103**
    **D. Randall Mantooth, #13875**
    16 Public Square North
    Murfreesboro, TN  37130
    (615) 893-5522
    nchristiansen@mborolaw.com
    rmantooth@mborolaw.com

    Attorneys for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Motion for Partial Judgment on the Pleadings has been forwarded by electronic means via the court's electronic filing system to:

Robert D. MacPherson, Esq.
MacPherson & Youmans, P.C.
107 S. Greenwood Street, Suite B
Lebanon, TN 37087
rdmacpherson@macyolaw.com

on this the 27th day of March, 2020.

    By:    s/D. Randall Mantooth
               D. Randall Mantooth

4

U:\006408-000170\Motion for Judgment on Pleadings.docx
Case 3:18-cv-01293   Document 50   Filed 03/27/20   Page 4 of 4 PageID #: 164