IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARY ANN BAUER, | ) | |
| | ) | |
| Plaintiff, | ) | JURY DEMAND |
| | ) | |
| v. | ) | Case no. 3:18-cv-01293 |
| | ) | |
| MICHAEL S. FITZHUGH, | ) | Judge Eli J. Richardson |
| BERNARD SALANDY, and | ) | |
| RUTHERFORD COUNTY, TENNESSEE, | ) | Magistrate Judge |
| | ) | Barbara D. Holmes |
| Defendants. | ) | |

**RUTHERFORD COUNTY, TENNESSEE'S, MOTION TO COMPEL DISCOVERY THROUGH COMPLIANCE WITH SUBPOENA AND FOR EXPENSES**

COME NOW, Defendants Sheriff Michael Fitzugh, Bernard Salandy, and Rutherford County, Tennessee, by and through counsel, pursuant to Fed. R. Civ. P. 45 and Fed. R. Civ. P. 37, and moves this court to issue an order compelling Precision Pain Care to comply in full with a Subpoena to Produce Documents, Information, or Objects served on Precision Pain Care on April 2, 2020, and pay Defendants' reasonable costs and expenses for obtaining such order. (See subpoena attached hereto as **Exhibit 1**). In support of their motion, Defendants state as follows:

**I. PROCEDURAL HISTORY**

On April 2, 2019, Defendants served a subpoena on Precision Pain Care seeking the production of various medical documents related to the Decedent, Joseph Allen Bauer. (See **Exhibit 1**). The subpoena requested "[a] complete copy of all records, reports, clinical notes, diagnostic test reports, office notes, opinion letters, hospital records, correspondence, itemized billing statements and any other documentation in the file pertaining to JOSEPH ALLEN BAUER for all dates of service." (See **Exhibit 1**). The

subpoena instructed that the records should be produced before April 24, 2020.

On April 6, 2020, Defendants received a phone call from MediCopy Services, Inc. (hereinafter "MediCopy"), the third-party record management company for Precision Pain Care, requesting proof of notice on Plaintiff's counsel. In response, Defendant forwarded the e-mail notice of the subpoena sent to Plaintiff's counsel to MediCopy on April 6, 2020. (See **Exhibit 2**). On April 7, 2020, Defendants sent a letter via fax confirming that it had sent a copy of the subpoena to Plaintiff's counsel. (See **Exhibit 3**). On April 7, 2020, Defendants sent an e-mail to MediCopy requesting that the documents be sent in accordance with the Federal Rules of Civil Procedure. (See **Exhibit 4**). On April 15, 2020, Defendants received an e-mail from Precision Pain Care stating that it would not comply with the subpoena unless it received additional documents not required under the Federal Rules of Civil Procedure. (See **Exhibit 5**). To date, Defendants' attorneys have not received the requested documents.

## II. LEGAL ARGUMENT

Fed. R. Civ. P. 45 states that "a person responding to a subpoena to produce documents *must* produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(e)(1)(A) (emphasis added). The Notes of Advisory Committee states that Fed. R. Civ. P. 45(a)(1) "authorizes the issuance of subpoena to compel a non-party to produce evidence independent of any deposition." Fed. R. Civ. P. 45 advisory committee's notes. Federal Rule of Civil Procedure 45 further states that upon a written objection by the person commanded to produce documents or tangible things, "at any time, on notice to the commanded person, the serving party may move the court for the district where

2

compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Notably, Fed. R. Civ. P. 45(a)(4) provides:

> If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

As stated above, notice and a copy of the subpoena was served on Plaintiff's counsel. While the rule does not require that the person to whom the subpoena is directed receive a copy of the notice sent to the other party, Defendants sent the same to MediCopy Services, Inc. in a good faith attempt to resolve this issue before filing this Motion with this Court.

Additionally, Fed. R. Civ. P. 37 provides that "on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Should the moving party prevail on its motion, the court may allow the recovery of fees and expenses as follows:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees
>
> . . .
>
> If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5).

To date, Defendants have not received any of the documents requested in the subpoena served on Precision Pain Care on April 2, 2020. Defendants have expended

3

time and resources to attempt to obtain information that was requested in a lawfully issued subpoena. Although Defendants have endeavored to work with Precision Pain Care to respond to Defendants' subpoena, Defendants still do not have any of the requested information.

Furthermore, Defendants' Motion to Compel Discovery through Compliance with Subpoena is ripe because Precision Pain Care has expressly objected to the production of documents requested in the subpoena. (See **Exhibit 5**). Thus, although the date for compliance with the subpoena has not yet expired, Defendants' motion to compel is ripe because Fed. R. Civ. P. 45(d)(2)(B)(i) permits the serving party to move the court for an order compelling production at any time following a written objection.

### III. CONCLUSION

Based on the foregoing, Defendants move this Court to order Precision Pain Care to produce all records pursuant to the subpoena served on April 2, 2020. Because Defendants have used all reasonable means to obtain the documents in advance of filing this motion, Defendants request the Court order Precision Pain Care to pay Defendants the reasonable costs and fees, including reasonable attorney's fees, associated with this motion.

4

Respectfully submitted,

**HUDSON, REED & CHRISTIANSEN, PLLC**

By: <u>  s./ Daniel W. Ames                </u>
      **D. Randall Mantooth, BPR 013875**
      **Nicholas C. Christiansen, BPR 30103**
      **Daniel W. Ames, BPR 036720**
      16 Public Sq. N.
      Murfreesboro, TN 37130
      Email: rmantooth@mborolaw.com
            nchristiansen@mborolaw.com
            dames@mborolaw.com

Attorneys for Defendants

5

Case 3:18-cv-01293   Document 54   Filed 04/17/20   Page 5 of 6 PageID #: 187

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **MOTION TO COMPEL DISCOVERY THROUGH COMPLIANCE WITH SUBPOENA AND FOR EXPENSES** has been forwarded by electronic means via the court's electronic filing system to:

Robert D. MacPherson, Esq.
MacPherson & Youmans, P.C.
107 S. Greenwood St., Suite B
Lebanon, TN 37087
rdmacpherson@macyolaw.com

I hereby certify that a true and correct copy of the **MOTION TO COMPEL DISCOVERY THROUGH COMPLIANCE WITH SUBPOENA AND FOR EXPENSES** has been forwarded via U.S. Mail, postage prepaid, and e-mail to:

Precision Pain Care
534 Highland Terrace
Murfreesboro, Tennessee 37130
Eburns@precisionpaincare.com

MediCopy Services, Inc.
8 City Pl., Suite 400
Nashville, TN 37209
fylee.soeu@medicopy.net

this the 17th day of April, 2019

By: s/Daniel W. Ames<br>**Daniel W. Ames**